No. 111

No. 19183—Eliza Atkinson v. Metropolitan Life Ins. Co. and Elizabeth Atkinson. Error to Columbiana Appeals.

**723. LIFE INSURANCE—1.** Condition in life insurance policy that insured may change beneficiary, such change may be made by insured at any time, without consent of company.

2. Such change subject to reasonable regulations expressed in policy.

3. Where change was made in conformity with provisions of policy, new beneficiary entitled to receive proceeds of policy without further action by company.

4. Provisions regulating change are for benefit of company and may be waived by it.

**657. INTERPLEADER — Company** interpleading in an action between old and new beneficiary waives any interest in the outcome of the action.

MARSHALL, C. J.

1. Where a life insurance policy contains therein written a condition that such "policy is written with the right of the insured to change the beneficiary," such right is absolute and may be exercised at any time during the lifetime of the insured and the consent of the insurance company is not essential thereto.

2. The mode and manner of making such change by the insured is subject to reasonable regulations provided that such regulations are expressed in the insurance policy.

3. Where the policy contains a provision concerning the change of beneficiary that the same can be made "by filing a written notice thereof at the home office of the company accompanied by the policy for suitable indorsement," any notification in writing by the insured or his agent designating a different beneficiary, which communication is accompanied by the policy, is sufficient to effect the change,

and the new beneficiary therein designated is entitled to receive payment of the proceeds of the policy without further action on the part of the insurance company.

4. The provisions in a policy of insurance regulating the mode and manner of making a change of beneficiary are for the benefit of the insurance company and may be waived by it.

5. In the event of a controversy between a former named beneficiary and a new beneficiary, if the insurance company interpleads in an action by a claimant to recover the proceeds of the policy, it thereby waives any interest in the outcome of the action and thereupon the cause shall proceed between the respective claimants uninfluenced by any rights or interests of the insurance company. Judgment reversed.

Day, Allen and Robinson, JJ., concur.

---

No. 112

No. 19057—S. J. Kornhauser, Receiver of The Ohio Export — Trading Company v. The National Surety Company. Error to the Court of Appeals of Cuyahoga County.

**1139. SURETY COMPANIES.1** Bonding Company contracting to indemnify employer for dishonesty of employee who actually performs duties of certain positions named in schedule, liable even though such employee was not elected to the position in suestion.

2. Condition precedent that employer notify Company after becoming aware of dishonesty must be complied with or bonding company is not liable even though loss has ensued to employer.

ALLEN, J.

1. One who has exclusive possession and control of a position in a private corporation occupies such position.

2. A bonding company which agrees to indemnify an employer against the fraud or dishonesty on the part of an employe while occupying and performing the duties of any position named in the schedule forming part of the bond, is liable to reimburse the employer for loss incurred through the fraud and dishonesty of employes actually occupying and performing the duties of certain positions named in the schedule, even though the said employes were not elected to the position in question.

3. A contract between an employer and a bonding company provides that the employer shall, within a given time after becoming aware of any evidence of dishonesty of any employe, give notice thereof to the surety. This provision constitutes a condition precedent, and when the employer fails to comply therewith he cannot recover even though the defalcation described in the bond by employes covered by the bond, has taken place and loss has ensued.

Judgment affirmed.

Marshall, CJ., Day, Kinkade, and Robinson, JJ., concur. Jones and Matthias, JJ., concur in proposition three of the syllabus and in the judgment.